**Valentin ISIDRO–ZAMORANO, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 07–73832.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 12, 2010.*

Filed Feb. 18, 2010.

Carol Carvajal, Law Office of Carol Carvajal, San Diego, CA, for Petitioner.

Walter Manning Evans, Esquire, Trial, Carol Federighi, Esquire, Senior Litigation Counsel, OIL, William Charles Peachey, Senior Litigation Counsel, DOJ–U.S.

* The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R.App. P. 34(a)(2).

Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, HALL, and O'SCANNLAIN, Circuit Judges.

### MEMORANDUM **

Valentin Isidro–Zamorano appeals the BIA's denial of his application for cancellation of removal. The facts are well-known to the parties. We need not repeat them here.

An alien is eligible for cancellation of removal if he establishes, among other things, "that removal would result in exceptional and extremely unusual hardship *to the alien's spouse, parent, or child,* who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1)(D) (emphasis added). A "child" is "an unmarried person under twenty-one years of age." 8 U.S.C. § 1101(b)(1). At the time Isidro–Zamorano applied for cancellation of removal his son, Tomas, was twenty years old, and could serve as Isidro–Zamorano's qualifying relative for his application. During the course of immigration proceedings, Tomas "aged out," turning twenty-one years old. The Immigration Judge ("IJ") subsequently ruled Isidro–Zamorano ineligible for cancellation of removal because he no longer had a qualifying relative. The Board of Immigration Appeals ("BIA"), in a one-judge decision, affirmed.

The BIA and IJ relied on a decision by a prior three-judge panel of the BIA, *Matter of Gomez,* 23 I. & N. Dec. 893 (BIA 2006),

a case in which an alien's parents became lawful permanent residents during the course of her immigration proceedings. *Id.* The BIA held that the alien's parents became qualifying relatives for purposes of her application for cancellation of removal. *Id.* at 894. Thus, it further held, she *became eligible* for cancellation of removal, even though she was ineligible at the outset of her proceedings. *Id.* Here, however, the BIA and IJ held that Isidro–Zamorano became *ineligible* due to the natural aging of his child, even though he was eligible for cancellation of removal at the outset of his proceedings. *Gomez* thus does not control this case.

Since *Gomez* is not determinative, we need not defer to the agency in this case. Nor does the one-judge opinion in this case merit *Chevron* deference. *Chen v. Mukasey,* 524 F.3d 1028, 1031 (9th Cir.2008); *see Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc.,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). Therefore, the BIA "has not yet exercised its Chevron discretion to interpret the statute." *Negusie v. Holder,* — U.S. —, 129 S.Ct. 1159, 1167, 173 L.Ed.2d 20 (2009). In such a situation, the Supreme Court has held that "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Id.* (internal quotation marks and citations omitted).

Consequently, we **GRANT** the petition for review, **VACATE** the order of the BIA, and **REMAND** the case to the BIA for a three-judge panel to determine whether *Gomez* should be extended to circumstances like those in this case.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.